COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Frank and Clements

LAMIEH SALIMI

MEMORANDUM OPINION*
v.    Record No. 0446-01-3                    PER CURIAM
                                              JUNE 26, 2001

JAMES MADISON UNIVERSITY/
 COMMONWEALTH OF VIRGINIA


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (A. Thomas Lane, Jr., on brief), for
            appellant.

            (Mark L. Earley, Attorney General; Judith
            Williams Jagdmann, Deputy Attorney General;
            Gregory E. Lucyk, Senior Assistant Attorney
            General; Donald G. Powers, Assistant Attorney
            General, on brief), for appellee.


     Lamieh Salimi (claimant) contends that the Workers'

Compensation Commission erred in finding that she failed to

prove that she was unable to perform the duties of her

pre-injury job as a counselor beginning February 24, 1999.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

sustained her burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant disability benefits beginning February 24, 1999 on the ground that she failed to prove she was unable to perform her pre-injury job, the commission found as follows:

> [T]he medical evidence does not establish that the claimant was incapable of her pre-injury work. By the claimant's own admission, fully two-thirds of her pre-injury job involved the sedentary duties associated with clinical and office work, and she generally agreed that she was capable of performing these duties except for the occasional day when her knee would be swollen or painful. The remaining one-third of the claimant's job duties involved her participation in outreach programs which sometimes required her to carry a briefcase, walk to various parts of the campus, and stand while giving presentations. Although the claimant alleged that these duties would prevent her from performing her pre-injury job, we are more persuaded by Dr. [Frank C.] McCue's January 26, 1999, limitation of the claimant's activities for only "6-8 weeks post-op," and Dr. [Kathleen] Bell's inability to comment on the claimant's disability status in her January 18, 1999, responses to claimant's counsel's questionnaire. We also note, as did the Deputy Commissioner, the claimant's failure to prove that her participation in the outreach programs required walking for long distances or standing while making presentations. Furthermore, considering the record developed below, we find nothing inappropriate or unreasonable in the Deputy Commissioner's inference that the claimant

"presumably could have driven, as opposed to walking, to other buildings on the campus." Finally, we are particularly impressed with the claimant's ability to travel abroad for several months during which she also alleged significant limitations in her ability to walk, stand and carry a briefcase.

The absence of any medical evidence that claimant was restricted from performing her pre-injury job after February 24, 1999 supports the commission's finding that claimant failed to prove that she was unable to perform the duties of her pre-injury job as of that date. Moreover, the commission considered claimant's testimony that she could not perform the duties required of the outreach work. However, as fact finder, the commission was entitled to infer that claimant, who was able to travel abroad for several months during a time when she claimed to be significantly restricted from standing and walking, could have performed her mostly sedentary office job and that she could have driven to the different campus buildings and presented information to students from a sitting position rather than standing, if necessary.

Based upon this record, we cannot find as a matter of law that claimant's evidence sustained her burden of proving that she was unable to perform the duties of her pre-injury job as of February 24, 1999. Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>

- 3 -